**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-60254**
**Summary Calendar**

**TROY ALEXANDER HOLMAN,**

**Petitioner,**

**VERSUS**

**UNITED STATES PAROLE COMMISSION,**

**Respondent.**

Appeal from the United States District Court
For the Northern District of Texas

(18 USA 4106A)

December 24, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

On October 4, 1994, Troy Alexander Holman (Holman) was sentenced in Mexico to an 11 year term of imprisonment upon his conviction of transporting 3,199.5 grams of heroin in Mexico City, Mexico on May 20, 1994. Holman appealed his sentence and successfully had it reduced to ten years. On October 10, 1995, Holman was transferred to the United States to serve his sentence pursuant to the terms of the United States-Mexico treaty on the

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

execution of penal sentences.

Following a hearing on February 26, 1996, the Parole Commission ordered Holman to continue to serve the full term of his Mexican sentence, ten years less good time, and to serve a 12-month period of supervised release following his release from prison. The Parole Commission determined that Holman's guideline range for a comparable offense under United States law was 151-188 months based on offense level of 34 and a criminal history category of I. In making its decision to have Holman serve the full term of his sentence, the Parole Commission relied upon the fact that Holman's 120-month Mexican sentence was already substantially below the applicable United States Sentencing Guideline range of 151-188 months. Holman requested a downward departure based on his alleged mistreatment in Mexico and his contention that the Mexican court wrongly convicted him of transporting heroin. The Parole Commission rejected Holman's request for a downward departure.

We have carefully reviewed the briefs, the reply brief, the record excerpts and relevant portions of the record itself. We review the Parole Commission's determination *de novo*. ***Molano-Garza v. United States Parole Commission***, 965 F.2d 20, 23 (5th Cir. 1992), cert. denied, 506 U.S. 1065 (1993). We will uphold the sentence unless it (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is outside the applicable guideline range, and is

2

unreasonable or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(e); and see 18 U.S.C. § 3742(f). A review of this record satisfies us that there is no basis, either in law or fact, for changing the determination of the Parole Commission.

Accordingly, this appeal is **DISMISSED**.